UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC KENNETH COLLINS     CIVIL ACTION

VERSUS     NO. 17-49-RLB[1]

COMMISSIONER OF SOCIAL SECURITY

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff's Motion for Attorney Fees (R. Doc. 20) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) filed on May 29, 2018. The Commissioner filed its Response (R. Doc. 23) on May 30, 2018.

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for disability benefits. (R. Doc. 1). On March 20, 2018, the Court reversed the decision of the Commissioner and remanded the claim for further proceedings. (R. Doc. 16). Plaintiff then filed the present Motion.

**I.   LAW AND ANALYSIS**

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

---

[1] Because both parties consented to proceed before a United States Magistrate Judge (R. Doc. 6), the case was transferred to this Court for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c)(1).

The parties do not dispute that Plaintiff is the prevailing party who filed a timely application for fees. Therefore, an award of reasonable attorney's fees is proper in the instant case. The Commissioner concedes that Plaintiff is entitled to recover reasonable fees under § 2412 of the EAJA. The Commissioner does object, however, to the calculation of the fee owed as well as Plaintiff's request to make the fee award directly payable to Plaintiff's attorney.

A.  **Calculation of Fees**

Plaintiff asks for attorney's fees to compensate his attorney for 24 hours of work at a rate of $150 per hour — $3,700 total. Having reviewed Plaintiff's Attorney's Affidavit in Support of Motion for Award of Attorney's Fees (R. Doc. 20-2), the Court finds the rate requested is reasonable in this case. *See Watkins v. Commissioner of Social Security*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) ("hourly rate of $150.00 . . . is consistent with the rate generally applied by this Court"); *Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *3 (M.D. La. Feb. 7, 2011) (same); *Owen v. Colvin*, No. 12-1179, 2013 WL 6204270, at *2 (W.D. La. Nov. 27, 2013) (hourly rate of $150.00 typically applied in Western District "for attorney work performed in 2008 and beyond").

However, as the Commissioner notes, Plaintiff's assertion in the Motion of 24 hours of work is not reflected in the itemization. Plaintiff's Attorney's Affidavit in Support of Motion for Award of Attorney's Fees (R. Doc. 20-2) reflects a total of 20.95 hours. "It is well established that the fee applicant bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought." *Coleman v. Astrue*, 2009 WL 2914390, at *3 (E.D La. Sep. 4, 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). As the supporting Affidavit submitted by Plaintiff reflects a total of 20.95 hours, and there is no

evidence submitted that would establish the 24 hours claimed by Plaintiff in his Motion, the number of hours awarded will be reduced accordingly.

The amount of hours reflected in the Affidavit is within the reasonable range of time spent. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *Hayes v. Astrue*, No. 09-2018, 2010 WL 5479611, at *3 n.1 (N.D. Tex. Dec. 3, 2010) (20 to 40 hours); *Harcrow v. Astrue*, No. 06-10919, 2008 WL 2906632, at *1 (E.D. La. July 24, 2008) ("The typical EAJA fee request is in the range of thirty to forty compensable hours."); *Hardy v. Callahan*, No. 96-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997) (30 to 40 hours). Thus, 20.95 hours at a rate of $150 an hour establishes a total award of $3142.50.

B. **Payment of Fee Award**

Plaintiff asks the Court to make the awarded fees directly payable to his attorney. (R. Doc. 20 at 1). However, "a § 2412(d) fees award is payable to the litigant" and not the attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). And so, the attorney's fees will be awarded and paid to Plaintiff, not his attorney, but can be mailed to Plaintiff's counsel.

II. **CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (R. Doc. 20) is **GRANTED in part** and **DENIED in part**. The Commissioner of the Social Security Administration is **ORDERED** to send to Plaintiff's counsel a check made

payable to "Eric Kenneth Collins" for attorney's fees in the amount of **$3,142.50** (20.95 hours at $150.00 per hour) pursuant to the Equal Access to Justice Act.

Signed in Baton Rouge, Louisiana, on June 8, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**